## GLADWIN v AETNA LIFE INS CO RHOADS v EQUITABLE LIFE ASSURANCE SOCIETY

Ohio Appeals, 9th Dist, Summit Co

Nos 2651 & 2654.  Decided March 10, 1936

Harter, Olds & Jarboe, Akron, for plaintiff in error in case No. 2651.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

Howard L. Weaver, Akron, Paul W. Vale, Akron, and Harrison & Marshman, Cleveland, for plaintiff in error in case No. 2654.

Whittemore & Motz, Akron, and R. H. Nesbitt, Akron, for defendant in error.

## OPINION

**PER CURIAM**

These two cases arise on claims made under the disability provisions of two insurance policies issued by different companies.

In the first case, No. 2651, the said provision was as follows:

"If, before default in payment of premium, during the continuance of this policy and before attaining the age of sixty years, the insured becomes totally and permanently disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit, the following benefit will be available:

"A waiver of the payment of premiums falling due under this term policy during such disability.

"If the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then, if due proof has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent. In such a case, the benefit shall accrue from the expiration of the said ninety days, but not from a date more than six months prior to the date that due proof of such disability is received by the company at its home office. No benefit shall accrue prior to the expiration of said ninety days unless during that period due proof is received by the company at its home office while the insured is living that the total disability will be permanent, in which event the benefit will accrue from the commencement of disability. * * *"

The first paragraph of the foregoing provision was invoked by plaintiff for the purpose of laying a foundation upon which to predicate a claim of waiver of liability on the part of the assured to pay premiums accruing under the provisions and terms of said policy, to the end that said policy might be declared to have been in force at the time of the death of the insured and the death benefit payable thereunder accordingly owing to the named beneficiary.

In the second case, No. 2654, the said provision was as follows:

"If proof shall be furnished the society that any employee insured under this policy has before having attained the age of 60, become wholly disabled by bodily injuries or disease, and will be wholly and presumably permanently prevented thereby for life from pursuing any and all gainful occupation, the society will pay * * *."

In each of the cases, the trial court found, as a matter of law, that, under the facts of that case, the insured was not totally disabled within the meaning of the provisions of the policy involved, and in each case directed the return of a verdict for the defendant.

Without entering into a discussion of the facts in the two cases, or of the law applicable thereto, we understand the rule to be that, in the absence of other provisions of the policy affecting the construction to be placed upon the disability claim, the disability provisions above set out, in order to warrant recovery, do not require that the insured shall be rendered absolutely helpless, but, rather, merely require such a disability as renders him unable to perform the substantial and material acts of his business or occupation in the usual and customary way, and that the condition of the insured be such that common care and prudence require that he should desist from the transaction of any kind of business pertaining to his occupation so long as may be reasonably necessary to effect a cure of his disability.

Sec 98 A.L.R. 789 et seq., Annotation "I. Total Disability."

Application of this rule to the facts presented by the record in each of the instant cases, requires us to reach the conclusions that in neither case did the trial court err when it concluded in each case that reasonable minds could reasonably reach but one conclusion, and that adverse to the claim of the plaintiff in that case.

See Grimsley v Mutual Life Ins. Co. of N. Y., Gongwer State Report No. 3689, p. 3808; motion to certify overruled by Supreme Court on March 7, 1934, Gongwer State Report No. 3721, p. 3863; being Supreme Court case No. 24606.

The judgments will accordingly be affirmed.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.